**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

TIMOTHY ALLAN DUNLAP,

          Plaintiff-Appellant,

  v.

IMSI; CAMPBELL, Dr.,

          Defendants-Appellees.

No.   22-35253

D.C. No. 1:20-cv-00555-CWD

MEMORANDUM*

Appeal from the United States District Court
for the District of Idaho
Candy W. Dale, Magistrate Judge, Presiding

Submitted July 31, 2023**
San Francisco, California

Before:  WALLACE, O'SCANNLAIN, SILVERMAN, Circuit Judges.

Prisoner Timothy A. Dunlap—a death-penalty inmate incarcerated at the
Idaho Maximum Security Institution—asserts that he requested to be placed in the
prison's Acute Mental Health Unit based on his mental health condition, but that the
prison and its officials unlawfully denied his request. He appeals pro se from the

---

      *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

      **    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

district court's decisions (1) granting summary judgment rejecting his claims, and (2) denying his motion for reconsideration. Because the facts are known to the parties, we repeat them only as necessary to explain our decision.

I

Dunlap's first line of attack fails—the district court did not err in granting summary judgment rejecting Dunlap's claims. Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law," Fed. R. Civ. P. 56(a)—and although pro se inmates are excused from "*strict* compliance with the summary judgment rules," they are not excused "from *all* compliance." *Soto v. Sweetman*, 882 F.3d 865, 872 (9th Cir. 2018); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986) (explaining that a movant without the burden of proof at trial can prevail by simply "pointing out to the district court … that there is an absence of evidence to support the nonmoving party's case").

Here, Dunlap has failed to raise a genuine dispute as to any material fact relevant to whether the prison or its officials were "deliberate[ly] indifferen[t]" to his "serious medical needs," *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)—and he has failed to present material evidence showing that the prison or its officials knew of and disregarded "an excessive risk" to his "health and safety," *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (cleaned up), or that the prison and

2

its officials denied any treatment necessary for adequate care of his mental health condition, *see Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004) (clarifying the "high … standard" for such Eighth Amendment claims). And to the extent that Dunlap argues that the prison or its officials violated Idaho state law by declining to place him in the Acute Mental Health Unit, we reject that contention (to the extent it is adequately developed) as unmeritorious. Ultimately, Dunlap provides no material reason to conclude that the district court erred—and we affirm its grant of summary judgment.

## II

Dunlap's second line of attack also fails—the district court did not err in denying Dunlap's motion for reconsideration. "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law"—and "our review of a denial of a motion to reconsider is for abuse of discretion." *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993); *see Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009).

Here, Dunlap has failed to establish that the district court abused its discretion in denying his motion for reconsideration. First, Dunlap has failed to identify any newly discovered evidence materially affecting the result—and he certainly never

3

presented such evidence to the district court. Second, Dunlap has failed to establish that the district court committed clear error or that its initial decision was manifestly unjust—indeed, he has not shown that the district court's grant of summary judgment was even incorrect. And third, Dunlap has failed to identify any intervening change in the controlling law materially affecting the result. Ultimately, Dunlap provides no material reason to conclude that the district court erred—and we affirm its denial of Dunlap's motion for reconsideration.

**AFFIRMED.**[1]

---

[1] Dunlap's various motions—*see* Dkt. No. 7 (Motion for Injunctive Relief), Dkt. No. 13 (Motion to Certify Appeal), Dkt. No. 17 (Motion for Appointment of Counsel), Dkt. No. 24 (Motion to Take Judicial Notice), Dkt. No. 28 (Motion to Lift Briefing Stay and Issue Remand), Dkt. No. 31 (Motion for Issuance of Press Release), Dkt. No. 34 (Motion to Expand the Record), Dkt. No. 36 (Motion for Appointment of a Special Master), Dkt. No. 38 (Emergency Petition for a Writ of Mandamus), Dkt. No. 40 (Motion to Proffer, Seek Review, and Admission of Addendum), Dkt. No. 42 (Motion to Adopt Proposed Court Order), and Dkt. No. 44 (Motion to Proffer, Seek Review, and Commission of Supplemental Exhibits)—are **DENIED**.